**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PJC LOGISTICS, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, GENERAL MOTORS COMPANY and ONSTAR, LLC,<br><br>                      Defendants. | Civil Action No. _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff PJC Logistics, LLC ("PJC Logistics" or "Plaintiff"), by way of its Complaint against Defendants General Motors LLC, General Motors Company (General Motors LLC and General Motors Company are collectively referred to herein as "General Motors") and OnStar, LLC ("OnStar"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

2. Plaintiff PJC Logistics is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt Texas 76643.

3. Defendant General Motors LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

4. Defendant General Motors Company is a company organized under the laws of Delaware with its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

5. Defendant OnStar is a limited liability company organized under the laws of Delaware with its principal place of business at 400 Renaissance Center, Detroit, Michigan 48265.

6. Upon information and belief, General Motors is the managing member of OnStar.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1400(b).

8. Defendants General Motors and OnStar have knowingly and intentionally engaged in the manufacture, use, distribution, sale and offer for sale, and/or import of vehicle tracking and monitoring systems that infringe the patent-in-suit, as is alleged below. Defendants direct, induce or instruct their agents, employees, customers, or contracting entities to use vehicle tracking and monitoring systems that infringe the patent-in-suit, as is alleged below. On information and belief, Defendants conduct business in this Judicial District and have committed acts of patent infringement in this Judicial District including, inter alia, importing, making, using, offering for sale, and/or selling infringing vehicle tracking and monitoring systems in this Judicial District.

9. On information and belief, Defendants have knowingly and actively contributed to infringement and/or have induced others including, but not limited to, their customers to commit such acts of infringement in this Judicial District.

10. On information and belief, Defendants have ongoing and systematic contacts with this Judicial District and the United States. Defendants have purposefully placed vehicle tracking and monitoring systems infringing the patent-in-suit in the stream of commerce, knowing and expecting that such products would be used in vehicles that operate in this Judicial District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

11. PJC Logistics repeats and re-alleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as "the '844 Patent"), entitled "VEHICLE TRACKING AND SECURITY SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

13. PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

14. Without license or authorization, General Motors and OnStar have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Defendants, of the '844 Patent in this Judicial District, and elsewhere in the United States. Infringements by General Motors and OnStar include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, vehicle tracking and monitoring systems, including at least the OnStar and OnStar FMV systems and/or related services.

15. Upon information and belief, General Motors and OnStar knew or should have known that the OnStar and OnStar FMV systems and/or related services would induce

3

infringement by its customers. Upon information and belief, General Motors and OnStar have contributed to the infringement of the '844 Patent by engaging in such activities knowing that the OnStar and OnStar FMV systems and/or related services are especially made or especially adapted to be used in a manner that infringes the '844 Patent, and do not have a substantial non-infringing use. General Motors and OnStar are thus liable for infringement of the '844 Patent under 35 U.S.C. § 271(a), (b) and (c).

16. Defendant General Motors has had knowledge of and/or been aware of the '844 Patent since at least March 31, 2011, when, in a letter sent via certified mail, PJC Logistics informed Defendant of its infringement of the '844 Patent and requested that Defendant license the '844 Patent in order to mitigate its continued infringement. On information and belief, General Motors may have had notice of its infringement of the '844 Patent significantly earlier than March 31, 2011. On information and belief, General Motors' infringement of the '844 Patent has been and continues to be willful and deliberate.

17. PJC Logistics has been damaged by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against Defendant as follows:

a. That this Court adjudge that Defendant has infringed the '844 Patent;

b. That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement, and that the damages so ascertained be awarded to PJC Logistics with interest;

c. That this Court treble damages in view of the willful and deliberate nature of Defendant's infringement of the '844 Patent;

d. That this Court find this case to be exceptional and award PJC Logistics its attorneys' fees, costs, and expenses in this action;

e. That this Court order an accounting of all infringing acts including, but not limited to, those acts not presented at trial, and award PJC Logistics damages for any such acts; and

f. That this Court award PJC Logistics such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  October 31, 2011    STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*PJC Logistics, LLC*