IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PJC LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1053-LPS |
| | ) | |
| GENERAL MOTORS LLC, GENERAL | ) | JURY TRIAL DEMANDED |
| MOTORS COMPANY and ONSTAR, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants General Motors LLC, General Motors Company and OnStar, LLC ("Defendants") submit their Answer, Affirmative Defense and Counterclaims to PJC Logistics, LLC's ("PJC Logistics") Complaint, and state as follows.

## NATURE OF THE ACTION

1.      Defendants admit that PJC Logistics is alleging patent infringement arising under the Patent Laws of the United States.  Defendants deny all other allegations of paragraph 1.

## THE PARTIES

2.      Defendants are without sufficient information or knowledge to either admit or deny the allegations of paragraph 2 and therefore deny the same.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Denied.

1

## JURISDICTION AND VENUE

7.     Defendants admit that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1331(a).   Defendants deny all other allegations of paragraph 7.  Defendants assert that the Eastern District of Michigan is a more convenient forum and will seek transfer to that forum pursuant to 35 U.S.C. § 1404(a).

8.     Denied.

9.     Denied.

10.     Denied.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

11.     Defendants incorporate by reference their responses to paragraphs 1-10 as though fully set forth herein.

12.     Defendants admit that U.S. Patent No. 5,223,844 was issued by the United States Patent and Trademark Office on July 29, 1993, and that the patent was attached as Exhibit A to the Complaint.  Defendants deny all other allegations of paragraph 12.

13.     Defendants are without sufficient information or knowledge to either admit or deny the allegations of paragraph 13 and therefore deny the same.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

## DEMAND FOR JURY TRIAL

Defendants also request a trial by jury.

## PRAYER FOR RELIEF

Defendants oppose PJC Logistics' requested relief against them, or any other relief PJC Logistics requests against them, and therefore requests that this Court deny any and all requested relief by PJC Logistics.

## AFFIRMATIVE DEFENSES

The defendants assert the following affirmative defenses:

### First Affirmative Defense
### (Invalidity)

Claims of the '844 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation Sections 101, 102, 103 and 112.

### Second Affirmative Defense
### (Failure to State a Claim)

PJC Logistics' claims for relief fail to state a claim upon which relief can be granted.

### Third Affirmative Defense
### (Laches)

PJC Logistics' claims are barred in whole or in part by laches.

### Fourth Affirmative Defense
### (Waiver)

PJC Logistics' claims are barred in whole or in part by waiver.

### Fifth Affirmative Defense
### (Estoppel)

PJC Logistics' claims are barred in whole or in part by estoppel.

RLF1 5761943v. 1

### *Sixth Affirmative Defense*
### *(Notice, Damages, and Costs)*

PJC Logistics' claims for damages, if any, against defendants are statutorily limited by 35 U.S.C. §§ 286, 287 and 288.

### *Seventh Affirmative Defense*
### *(Lack of Standing)*

PJC Logistics' claims are barred due to lack of standing and/or lack of ownership to the extent PJC Logistics' allegations extent beyond the rights owned by PJC Logistics.

### *Eighth Affirmative Defense*
### *(Reservation of Affirmative Defenses)*

Defendants hereby reserve the right to supplement additional affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIM

Defendants, by and through their undersigned counsel, as and for their counterclaims against PJC Logistics, respectfully show and allege, as follows:

## THE PARTIES

1.      Counterclaimant Defendants are corporations organized and existing under the laws of the state of Delaware, with principal places of business in Detroit, Michigan.

2.      Based on PJC Logistics' assertion in its Complaint, Defendants allege, on information and belief, that PJC Logistics is a Texas corporation with a principal place of business in Hewitt, Texas.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

RLF1 5761943v. 1

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, although, Defendants contend that the Eastern District of Michigan is a more convenient forum for this action.

## COUNT I – DECLARATION OF PATENT INVALIDITY

5.      Defendants repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

6.      Based on PJC Logistics' filing of this action and Defendants' affirmative defenses, an actual controversy has arisen and now exists between PJC Logistics and Defendants, as to the validity of the claims of the '844 patent.

7.      The claims of the '844 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Defendants request the declaration of this Court that the '844 patent is invalid.

## JURY DEMAND

Defendants demand a trial by jury.

## EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, Defendants are entitled to recover from PJC Logistics, their attorney fees and costs incurred in connection with this action, and hereby request such fees and costs.

## PRAYER FOR RELIEF

Defendants respectfully request judgment against PJC Logistics as follows:

B.      A declaration that the '844 patent is invalid;

C.      That PJC Logistics take nothing by its Complaint against Defendants;

RLF1 5761943v. 1

D.    That the Court enter a judgment against PJC Logistics and in favor of Defendants and that PJC Logistics' Complaint is dismissed with prejudice;

E.    That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award Defendants their costs and reasonable attorney fees; and

F.    That the Court grant Defendants whatever further relief the Court may deem just and proper.


|  |  |
|---|---|
|  | _____/s/Kelly E. Farnan_____ |
|  | Kelly E. Farnan (#4395) |
| OF COUNSEL: | farnan@rlf.com |
| Mark A. Cantor | Richards, Layton & Finger, P.A. |
| Thomas W. Cunningham | One Rodney Square |
| John P. Rondini | 920 N. King Street |
| Brooks Kushman P.C. | Wilmington, DE  19801 |
| 1000 Town Center - 22nd Floor | *Attorneys for General Motors LLC, General* |
| Southfield, MI  48075 | *Motors Company And Onstar, LLC* |

Dated: January 13, 2012

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2012, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF which will send notification of such filing to the

following and which has also been served as noted:

**BY E-MAIL:**

Stamatios Stamoulis
Richard C. Weinblatt
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19801
stamoulis@swdelaw.com
weinblatt@sedelaw.com


_/s/ Kelly E. Farnan_
Kelly E. Farnan (#4395)